Judge Underwood
deliveied the opinion of the Cofcrt.
Ballard moved the Madison circuit 'court to quash an execution which issued against him in favor of Davis, for $274 12, which, as the execution states, were recovered for damages on the dissolution of an injunction. The ground on Which the plaintiff in error relied was, that there is ho judgment or decree of the Madison circuit court, which authorizes the execution! The court overruled the motion; exceptions were taken to the opinion of the court, and the case has been brought up for revision.
It appears from the record, that Ballard contracted w‘t^ Davis for a tract Of land, at the price of $7000, and having failed, to pay $2000, part of the purchase money, which became due on the 1st of September, 1819, Davis sued .and obtained judgment. Ballard filed his bill to enjoin the judgment. Davis answered and made his answer á cross bill against Ballard, and brought John Jarman before the court, as á defendant to the cross bill. On the trial in the circuit court, a decree was rendered, perpetually enjoining Davis from collecting his judgment from Ballard, and giving Davis a decree against Jarman. The parties prosecuted writs of error to this court; and in January, 1827; the *377 causes were decided by reversing the decrees of the circuit court, and remanding the cases, with directions to dismiss the bill and cross bill witii costs, and “ the injunction of Ballard to be dissolved with damages.V The mandate of this court being returned to the circuit court, Davis moved the court to give him judgment for damages, on the amount of the judgment at law mentioned in Ballard’s bill; and the court being somewhat perplexed how to proceed, because, on examination, it turned out that no injunction had ever been granted in favor of Ballard, and no injunction bond was ever executed by him, at length entered the following decree immediately-following the decision of this court: “ Whereupon, in pursuance of the foregoing opinion of the court of appeals, it is decreed and ordered, that the original bill herein, of the complainant Ballard, be, and the same is hereby dismissed, and that the said Ballard pay to the defendant, Davis, his costs about his defence expended, and also the damages mentioned in the foregoing opinion.”
A decree ioi ^fyin^ theT* amount, or j{|e amount can be ascer .- tained, does emanation of an ex-edition,
There is nothing on record to justify the execution, but the words italicised. And the question is, are they sufficient ? We think they are not. Tt is well settled by the adjudications of this court, that the rate of interest must be expressed in the judgment. The reason is equally strong for having the rate of damages expressed in a decree. Every judgment or decree should contain on its face, the data upon which it may be ascertained with entire certainty, how much the court has adjudged or decreed in favor of either party. We do not intend to say that this may not be done by reference to papers filed or to records, or even to the law, general or particular. Id certum est quod certum reddi potest, is the maxim. But in this case the judgment or decree does not ascertain the amount of damages which Ballard is to pay, by stating the amount on the record, or fay reference to any thing else, as the basis of calculation, and giving the rule by vyhich to calculate the amount. We are, therefore, of opinion, that there is no such judgment or decree in this case as would authorize the clerk to issue the execution ¡ *378 and hence it follows, that the court, on the motion of Ballard, ought to have quashed the execution.
The amount of damages should be ascertaiued in the ecree.
The acts of do not apply to injunctions decreed, but granted before final decree.
Decree void . for uncertain-
Turner, for plaintiff; Caperton, for defendant.
We have observed that it is the practice in some coult:s’ *n decreeing damages merely, to state that the Pai’tv shall recover ten per cent, damages on the judgment at law enjoined, where the injunction is dissolved. We will not say that this practice is erroneonSj but we do not hesitate to declare that it would be preferable for the court to state the aiqount of damages awarded in the decree.
It moreover appears, that no injunction had ever been obtained by Ballard, unless the decree of the court in his favor, on hearing and final trial, can be regarded as such an injunction, as will justify giving the damages on its reversal. We are of opinion ¡^at jbc acts of assembly, giving damages, do not apply to injunctions decreed on final hearing, but only to injunctions granted before final decree. However, it is not essential to consider this question now, for if the decree gave damages, although they may have been improperly awarded, the decree should be enforced, and should be regarded as obligatory until reversed.
The decree for damages is considered void, for its uncertainty, and it is on that point, we are of opinjon? the execution should have been quashed. The decision of the circuit court is reversed, and the cause- remanded, with instructions to enter judgtti'cht «^flashing- the execution. The plaintiff in error must récóveV costs.